⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VANESSA LOYAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | _____ |
| GEORGIA DEPARTMENT OF CORRECTIONS, | ) | |
| ROBERT ROBERSON, individually, | ) | **JURY TRIAL** |
| MARCUS PHILLIPS, individually, | ) | **DEMANDED** |
| REGGIE CRITE, individually, | ) | |
| BRITTNEY SEALS, individually, | ) | |
| CLIFFORD BROWN, individually, and | ) | |
| EDWARD PHILBIN, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Vanessa Loyal, as administrator of the Estate of Thomas Giles, files this Complaint pursuant to the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20, *et seq.*, and 42 U.S.C. § 1983.

## INTRODUCTION

1. On October 28, 2020, after trying and trying to get some corrections official's attention about the pattern of abuse he was suffering, Thomas Giles used wires from a damaged fixture to set fire to the mattress in his cell at Augusta State Medical Prison. Instead of responding to this desperate cry for help, and the danger presented by accumulating smoke from the smoldering fire, officials did nothing. Giles set the fire at approximately 1:45pm. At 3:00pm, officials removed the men in neighboring cells, but continued to do nothing to protect Giles. Giles and other men yelled out for someone to help. Officials finally opened the door to Giles' cell over three hours after the fire was started. But by that point, it was too late. Giles died of smoke inhalation. This is his family's effort to obtain accountability and justice.

2.      In short, Plaintiff alleges that the Georgia Department of Corrections and its officials were negligent in their actions and inactions leading to Giles' death in ways that give rise to liability under the Georgia Tort Claims Act; that the individual Defendants acted with deliberate indifference to a serious risk of harm in violation of the Eighth Amendment; and that the individual Defendants acted with the purpose to harm Giles, divorced from any penological justification, in violation of the Fourteenth Amendment's Due Process Clause. These theories of recovery may overlap and/or be pleaded in the alternative.

**PARTIES**

3.      Plaintiff Vanessa Loyal is an adult resident citizen of the State of Georgia. She is one of Giles' sisters and has been appointed administrator of the Estate of Thomas Giles. *See In re Estate of Thomas Giles*, Richmond County Probate Court, Estate No. 2021-RCGP-332. As administrator of the Estate of Thomas Giles, she has the right to recover "the full value of the life" of Thomas Giles, pursuant to O.C.G.A. § 51-4-5, as well as the right to recover for Giles' pre-death pain and suffering.

4.      Defendant Georgia Department of Corrections is a state government entity of the State of Georgia, and pursuant to O.C.GA. § 50-21-35, Defendant shall be served with process through its chief executive officer, Commissioner Timothy C. Ward, at his usual office address of Georgia Department of Corrections, Department Headquarters, 7 MLK Jr. Drive, Suite 543, Atlanta, Georgia 30334, and through the Director of Risk Management Services for the Georgia Department of Administrative Services, Wade Damron, at his usual office address of Risk Management Services, Georgia Department of Administrative Services, 200 Piedmont Avenue SE, Suite 1208, West Tower, Atlanta, Georgia 30334.

5.    Defendant Robert Roberson is a Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to the complaint, Roberson acted under the color of law. Roberson is a resident of Columbia County, Georgia.

6.    Defendant Marcus Phillips is a Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to the complaint, Phillips acted under the color of law. Phillips is a resident of Washington County, Georgia.

7.    Defendant Reggie Crite is a Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to the complaint, Crite acted under the color of law. Crite is a resident of Lincoln County, Georgia.

8.    Brittney Seals is a Georgia Department of Corrections official, who is sued in her individual capacity. At all times relevant to the complaint, Seals acted under the color of law. Seals is a resident of Richmond County, Georgia.

9.    Clifford Brown is a Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to the complaint, Brown acted under the color of law. Brown is a resident of Richmond County, Georgia.

10.    Edward Philbin is a Georgia Department of Corrections official, who is sued in his individual capacity. At all times relevant to the complaint, Philbin acted under the color of law. Philbin is a resident of Columbia County, Georgia.

## JURISDICTION AND VENUE

11.    Pursuant to O.C.G.A. § 50-21-20, *et seq.*, this Court has subject matter jurisdiction over the claims alleged herein.

12.    Plaintiff has complied with the provisions of O.C.G.A. § 50-21-26(a), providing, by letter dated July 28, 2021 and sent on August 16, 2021, initial notice of her claim to the Risk

Management Division of the Georgia Department of Administrative Services (hereinafter, "DOAS") by way of statutory overnight delivery, return receipt requested, as evidenced by a copy of said notice, together with a copy of the delivery receipt for said notice, attached hereto at Exhibit A.

13.     Plaintiff, in further compliance with the provisions of O.C.G.A. § 50-21-26(a), by letter addressed as instructed by Defendant and dated July 28, 2021 and sent on August 16, 2021, provided notice of her claim, identified her losses, and demanded payment for said losses by way of statutory overnight delivery, return receipt requested, to the Georgia Department of Corrections, as evidenced by a copy of said notice, together with a copy of the delivery receipt for said notice, attached hereto at Exhibit B.

14.     Prior to filing this Complaint, in accordance with the requirements of O.C.G.A. § 50-21-26(b), Plaintiff waited 90 days, in which time no one responded to her notice of claim.

15.     In accordance with O.C.G.A. § 50-21-35, a copy of this complaint, showing the date of filing, has been mailed to the Georgia Attorney General, the Honorable Christopher Carr, by way of certified mail, return receipt requested, to his usual address of Office of the Attorney General, 40 Capitol Square, SW, Suite 134, Atlanta, Georgia 30334, and a certificate attesting to said mailing is attached to this complaint, as Exhibit C.

16.     Pursuant to O.C.G.A. § 50-21-28, venue is proper in the State Court of Richmond County as Defendants Seals and Brown are residents of Richmond County and because the tort giving rise to the loss occurred in Richmond County.

17.     Pursuant to, e.g., *Haywood v. Drown*, 556 U.S. 729 (2009), this Court has concurrent jurisdiction over Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

-4-

## FACTS

18.    On October 28, 2020, at approximately 1:45pm, Thomas Giles set fire to the mattress in his cell at Augusta State Medical Prison.

19.    Giles used electrical wires from a damaged light fixture to start the fire.

20.    Prior to Giles attempting to start the fire, Defendants knew that the light fixture was damaged and that the electrical wires were exposed.

21.    Defendants observed Giles attempting to light the mattress on fire but did nothing to stop him from doing so.

22.    The mattress caught fire and smoldered, producing copious amounts of smoke.

23.    There were not significant flames that caught other items or surfaces on fire.

24.    Giles did not suffer thermal or burn injuries from the fire.

25.    Giles set fire to his mattress in a desperate attempt to get an official's attention about the continued abuse he was experiencing from other incarcerated men.

26.    Giles had made numerous other attempts to bring the abuse to officials' attention, but he was met with persistent indifference.

27.    On the morning of October 28, 2020, Giles personally handed a homemade knife to Defendant Philbin.

28.    Giles told Philbin that he was wanted to kill himself.

29.    Giles asked Philbin to put him in a suicide watch cell because otherwise he would try to kill himself.

30.    Philbin understood that Giles was sincere in his statements that he wanted to kill himself.

31.    Philbin, as the warden of Augusta State Medical Prison, had the ability and authority to transfer Giles to a safe location.

32.    Philbin did nothing.

33.    Giles' cell was closed to the hallway with a heavy metal door, which had a small opening for sliding trays in or out that was closed by a metal flap.

34.    The cell was closed off so that smoke would concentrate and accumulate rather than disperse.

35.    Defendant Roberson was assigned to the dormitory where Giles was imprisoned the afternoon of October 28, 2020.

36.    Defendant Phillips was present with Defendant Roberson in the dormitory where Giles was imprisoned the afternoon of October 28, 2020.

37.    Both observed Giles setting fire to his mattress,

38.    Neither intervened to stop Giles from setting fire to his mattress.

39.    Both were immediately aware of the fire in Giles' cell.

40.    Roberson and Phillips personally observed the heavy smoke coming from Giles' cell.

41.    Other incarcerated men began to loudly complain that they were being choked by the smoke.

42.    The men also complained that no one had gone to help Giles.

43.    Roberson and Phillips heard these complaints.

44.    But they did not render aid to Giles.

45.    Instead, Roberson opened a side door to let some smoke that had entered the hallway dissipate.

46.    Both Roberson and Phillips then left the dormitory unattended, while smoke continued to accumulate in Giles' cell.

47.    Roberson came back into the dormitory at one point to deliver a tray of food to a man in a cell near Giles' cell.

48.    That inmate briefly held Roberson's arms to implore him to go open Giles' door so that he wouldn't die.

49.    Roberson did not open Giles door, and instead again left the dormitory.

50.    Defendant Crite was a sergeant responsible for supervising Giles' dormitory.

51.    Roberson and Phillips immediately told Crite about the fire.

52.    At one point, Crite came into the dorm and was told by the incarcerated men to render aid to Giles who they feared may die from smoke inhalation.

53.     For an extended period of time, Crite did nothing.

54.    Eventually, Giles opened the flap to Giles' cell door, but that did nothing to dissipate the smoke.

55.    Crite's actions did not meaningfully dissipate the smoke in Giles' cell.

56.    At one point, Defendant Seals entered the dormitory where Giles' cell was filled with smoke.

57.    Giles called out to Seals repeatedly to help him.

58.    Seals responded that she was busy escorting other men to and from appointments with their counselors, so she could not do anything about him dying from smoke inhalation.

59.     Seals knew that Giles was trapped in a cell with heavy smoke, but she did nothing to protect him.

60.    At approximately 3:00pm, men in cells near Giles' cell were let out of their cells and moved to another location inside the prison to escape from the smoke.

61.    But no one opened the door to Giles' cell or did anything to dissipate the smoke that was still accumulating inside his cell.

62.    At approximately 5:00pm—more than three hours after the fire started—Crite finally opened Giles' cell and pulled out the smoldering mattress.

63.    Other officials rendered CPR to Giles.

64.    Someone called for outside medical attention—for the first time—at this point.

65.    Emergency medical personnel arrived at approximately 5:50pm.

66.    CPR was discontinued shortly after 6:00pm.

67.    Officials pronounced Giles dead in the dormitory.

68.    According to Giles' autopsy, he died from inhalation of products of combustion.

69.    The Georgia Bureau of Investigation's medical examiner ruled Giles' death to be a homicide, rather than an accident or a suicide, because "prison staff did not attempt to prevent or extinguish the fire and did not remove the decedent from his locked cell for several hours after the onset of the fire."

70.    According to the rules governing medical examiner's classification of deaths, a homicide designation requires the conclusion that there was "a volitional act committed by another person to cause fear, harm, or death."

## COUNT ONE
### *Negligence*
### *Georgia Tort Claims Act*
### **(against Defendant Georgia Department of Corrections)**

71.    Pursuant to O.C.G.A. §§ 50-21-23 and 50-21-24, and authority including *Brantley v. Department of Human Resources*, 271 Ga. 679, 523 S.E.2d 571 (1999); *Georgia Forestry*

*Com'n v. Canady*, 280 Ga. 825, 632 S.E.2d 105 (2006); and *Grant v. Georgia Forestry Commission*, 338 Ga. App. 146, 789 S.E.2d 343 (2016), the Georgia Department of Corrections is liable for the negligence of its officials.

72.     The Georgia Department of Corrections has created no policies based in judgment exercised in selecting alternative courses of action based upon a consideration of social, political, or economic factors that would prohibit its officials from rendering aid to an incarcerated man trapped inside a cell filled with smoke, and no such policies were in place as of October 2020.

73.     Georgia Department of Corrections officials owed a duty to Giles to protect him from unreasonable risks of harm that exist within the Augusta State Medical Prison.

74.     The exposed wires from the broken light fixture presented an unreasonable risk of harm when officials learned of this condition.

75.     Giles' efforts to set his mattress on fire presented an unreasonable risk of harm when officials learned of these efforts.

76.     The smoke that filled his cell from 1:45pm until his cell door was first opened after 5:00pm on October 28, 2020 presented an unreasonable risk of harm when officials learned of this condition.

77.     Georgia Department of Corrections officials fulfilled their duties as to the incarcerated men whose cells were near Giles' cell by moving them to another location in the prison so that they would not be exposed to dangerous smoke inhalation.

78.     Georgia Department of Corrections officials breached the duties they owed to Giles through over three hours' worth of actions and omissions that caused Giles to die from smoke inhalation.

79.    Georgia Department of Corrections officials, including Roberson, Phillips, Crite, Seals, Brown, and Philbin unreasonably failed to open Giles' cell door, respond to his desperate cries for help, extinguish the fire in his cell, respond to the incessant cries for help from the men in neighboring cells, protect him from himself when he credibly expressed suicidal ideation, or otherwise conduct themselves as ordinarily careful persons confronted with the foreseeable death of someone under their care and supervision.

80.    Crite supervised Roberson, Phillips, and Seals at the time.

81.    Crite did so negligently because instead of directing them to act to save Giles' life, Crite directed the officials to leave Giles in his cell to suffer.

82.    Brown supervised Roberson, Phillips, Seals, and Crite at the time.

83.    Brown did so negligently because instead of directing them to act to save Giles' life, Brown directed the officials to leave Giles in his cell to suffer.

84.    Philbin supervised Roberson, Phillips, Seals, Crite, and Brown at the time.

85.    Philbin did so negligently because instead of directing them to act to save Giles' life, Philbin directed the officials to leave Giles in his cell to suffer.

86.    As an obvious and direct result of the actions and inactions of Georgia Department of Corrections officials, including Roberson, Phillips, Crite, Seals, and Brown, Giles' died from being forced to breath in heavy smoke for over three hours.

87.    Before he died, Giles suffered in ways that are hard to imagine.

88.    Giles' life was valuable, in ways both economic and non-economic.

89.    Plaintiff Vanessa Loyal, as administrator of the Estate of Thomas Giles, is the proper party to bring claims for the full value of Giles' life, for the pain and suffering he experienced before he died, and for other damages under Georgia law.

## COUNT TWO
### *Deliberate Indifference under the Eighth and/or Fourteenth Amendments*
### *42 U.S.C. § 1983*
### (against the individual Defendants)

90.     This claim is brought against the Defendants sued in their individual capacity under federal law.

91.     Giles' smoke-filled cell was an objectively serious danger that was sufficiently serious to violate the Eighth Amendment because it is obvious to lay persons that someone will die if they are trapped in a room with heavy smoke.

92.     It has long been clearly established that exposure to even low levels of smoke can violate the Eighth Amendment when the smoke can cause health problems. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 35 (1993) ("We affirm the holding of the Court of Appeals that McKinney states a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health.").

93.     Roberson subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because he repeatedly observed the smoke build up in Giles' cell and he knew that people die from smoke inhalation.

94.     Roberson walked by Giles' smoke-filled cell repeatedly and heard the pleas for help from Giles and other incarcerated men, over the course of more than three hours, but he did nothing at all to help Giles.

95.     Phillips subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because he repeatedly observed the smoke build up in Giles' cell and he knew that people die from smoke inhalation.

-11-

96.     Phillips walked by Giles' smoke-filled cell repeatedly and heard the pleas for help from Giles and other incarcerated men, over the course of more than three hours, but he did nothing at all to help Giles.

97.     Seals subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because she repeatedly observed the smoke build up in Giles' cell and she knew that people die from smoke inhalation.

98.     Seals walked by Giles' smoke-filled cell repeatedly and heard the pleas for help from Giles and other incarcerated men, but she did nothing for an extended period after she learned of the fire.

99.     Crite subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because he repeatedly observed the smoke build up in Giles' cell and he knew that people die from smoke inhalation.

100.    Crite walked by Giles' smoke-filled cell repeatedly and heard the pleas for help from Giles and other incarcerated men, but he only opened the door to Giles cell more than three hours after he first learned of the fire in his cell.

101.    Brown subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because he repeatedly observed the smoke build up in Giles' cell and he knew that people die from smoke inhalation.

102.    Brown heard the shouting from other incarcerated men to help Giles and he smelled the smoke from the mattress.

103.    Defendants told Brown that Giles had set fire to his mattress and that Giles was trapped in his smoke-filled cell repeatedly, but he did nothing for an extended period after he learned of the fire.

104.    Philbin subjectively knew that Giles' was facing possibly serious injury or death from smoke inhalation because he was told by Defendants that Giles had lit his mattress on fire and that there was smoke build up in Giles' cell, and he knew that people die from smoke inhalation.

105.    Philbin also subjectively knew that Giles' was facing possibly serious injury or death from suicide because Giles told him that he was going to kill himself that morning and had asked to be transferred to a suicide watch cell.

106.    Defendants told Philbin that Giles had set fire to his mattress and that Giles was trapped in his smoke-filled cell repeatedly, but he did nothing for an extended period after he learned of the fire.

107.    The individual Defendants' actions and inactions went beyond mere negligence, as evidenced by the medical examiner, who after reviewing the investigative file, determined that these officials engaged in volitional acts to cause fear, harm, and/or death.

108.    Because Defendants acted with the mental state necessary to violate the Eighth Amendment, they are not entitled to qualified immunity. *See Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002)  ("'A finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison officials who *deliberately* ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable person that such actions violated the law.'").

**COUNT THREE**
*Substantive Due Process under Fourteenth Amendment*
*42 U.S.C. § 1983*
**(against the individual Defendants)**

109.    This claim is brought against the Defendants sued in their individual capacity under federal law.

110.    The individual Defendants acted, and failed to act, for the purpose of causing harm to Giles in a way that shocks the conscience.

111.    Roberson, Phillips, Seals, Crite, Brown, and Philbin each knew that Giles was going to die when he remained inside his smoke-filled cell for over three hours.

112.    But Roberson, Phillips, Seals, Crite, and Brown were annoyed that Giles set fire to his mattress and would not stop complaining about the abuse he believed he was suffering.

113.    So Roberson, Phillips, Seals, Crite, Brown, and Philbin decided to let Giles die.

114.    Roberson, Phillips, Seals, Crite, Brown, and Philbin acted to prevent anyone from intervening on his behalf.

115.    There is no valid penological reason for any official to intend to cause the death of an incarcerated man trapped in a smoke-filled cell.

116.    Roberson, Phillips, Seals, Crite, Brown, and Philbin are not entitled to qualified immunity because it was clearly established that an intent to harm, divorced from valid penological reason, violates the Due Process Clause. *See Waldron v. Spicher*, 954 F.3d 1297, 1311 (11th Cir. 2020) ("[I]f the jury also finds that Spicher intended to cause harm to Ybarra in the form of death or serious brain injury, then we hold that it is a matter of obvious clarity, derived from the above principles, that Waldron would have proved a violation of clearly established substantive due process rights.").

-14-

## COUNT FOUR
### *Expenses of Litigation under O.C.G.A. § 13-6-11*
### (against all Defendants)

117.    This count is alleged against all Defendants.

118.    Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## COUNT FIVE
### *Punitive Damages*
### (against the individual Defendants)

119.    By engaging in the above-described conduct, the individual Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages pursuant to O.C.G.A. § 51-12-5.1 and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands:

a)  That this Complaint be filed and served as provided by law;

b)  That Plaintiff receive a judgment in her favor in the amount of the limit imposed by O.C.G.A. § 50-21-29, as her losses exceed those figures;

c)  That Plaintiff be awarded damages in excess of any limit recited in O.C.G.A. § 50-21-29, as that is inapplicable to claims brought pursuant to 42 U.S.C. § 1983;

d)  That Plaintiff be awarded attorneys' fees and other costs of litigation, pursuant to e.g., O.C.G.A. § 13-6-11 and 42 U.S.C. § 1988;

e)  That all costs of this action be cast upon the Defendants; and

f)  That Plaintiff receive such other and further relief as the Court deems just and proper.

Respectfully submitted this the 13th day of May, 2022.

/s/ Zack Greenamyre
Zack Greenamyre
Georgia Bar No: 293002

MITCHELL AND SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
(404) 812-4747
(404) 812-4740-Facsimile
zack@mitchellshapiro.com

/s/ Natanya H. Brooks
Natanya H. Brooks
Georgia Bar No. 341039
Meredith S. Watts
Georgia Bar No. 362080

BROOKS INJURY LAW
3740 Davinci Court
Suite 150
Peachtree Corners, GA 30092
678-813-2202
678-813-2176 (fax)
nhb@brooksinjurylaw.com

# EXHIBIT A



3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
**P:** (678) 813-2202

Natanya H. Brooks, Esq.
nhb@brooksinjurylaw.com
**F:** (678) 813-2176

July 28, 2021

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378001069**
State of Georgia
Department of Administrative Services
Risk Management Division
200 Piedmont Ave., SE, Ste. 1208, West Tower
Atlanta, GA 30334

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378039430**
Georgia Department of Corrections
Commissioner Timothy C. Ward
7 MLK Jr Drive
Suite 543
Atlanta, GA 30334

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378066114**
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

**RE: Notice of Claim against the State of Georgia, Augusta State Medical Prison, Georgia Department of Corrections, Augusta University, Augusta University Department of Correctional Healthcare, Augusta University Foundation, Inc., Board of Regents of the University System of Georgia, Correctional Officer Benjamin Robinson, Correctional Officer Phillips, Sergeant Reggie Crite, Correctional Officer Ms. Seals, and Counselor Donald W. Weatherford.**

| | |
|---|---|
| **Claimant:** | **Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries of Thomas Henry Giles, deceased, and Vanessa Loyal, as Administrator of the Estate of Thomas Giles** |
| **Date of Loss:** | **10/28/2020** |
| **Location:** | **Augusta State Medical Prison, 3001 Gordon Hwy, Grovetown, GA 30813** |

To Whom It May Concern:

This notice is presented to The State of Georgia pursuant to O.C.G.A. § 50-21-26(a)(5). In accordance with O.C.G.A. § 50-21-26(a)(5), this Notice of Claim is being presented to the State of Georgia, which is a government entity that the above referenced claimants assert are responsible, jointly and/or concurrently, with the acts and omissions of others, for the wrongful death of their brother, Thomas Henry Giles. Consistent with O.C.G.A. § 50-21-26(a)(5), the following information is provided to the extent of the claimants' knowledge and belief:

    (A)    The names of the governmental entities for which the acts or omissions are asserted: State of Georgia, Georgia Department of Corrections, Augusta University, Augusta University Department of Correctional Healthcare,

Augusta University Foundation, Inc., Medical College of Georgia, Medical College of Georgia Foundation, Inc., Correctional Officer Benjamin Robinson, Correctional Officer Phillips, Sergeant Reggie Crite, Correctional Officer Ms. Seals, and Counselor Donald W. Weatherford;

(B)    The date and time of the transaction or occurrence out of which the loss arose: October 28, 2020 at approximately 1:45p.m.;

(C)    The place of the transaction or occurrence: The incident occurred at Augusta State Medical Prison located at 3001 Gordon Hwy, Grovetown in both Columbia County and Richmond County, Georgia;

(D)    The nature of the loss suffered:  At the time of the incident, Mr. Giles was an inmate locked in his cell when a fire started. The fire was not dealt with in a timely fashion and Mr. Giles was trapped in an unventilated cell for hours as correctional officers stood by and did nothing, despite pleas from other inmates. Mr. Giles died due to his injuries from the fire, believed to be primarily smoke inhalation.

(E)    The amount of the losses claimed:  Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries intend to assert all possible claims for the above-referenced damages. Ms. Loyal and Ms. Paige are demanding $1,000,000.00 as the wrongful death beneficiaries of Thomas Henry Giles to settle their claim against the State of Georgia in this matter. Vanessa Loyal, as Administrator of the Estate of Thomas Henry Giles, intends to assert all possible claims on behalf of said Estate for the above-referenced damages. Mr. Giles was locked in his cell for several hours before succumbing to his injuries. Ms. Loyal is demanding $1,000,000.00 on behalf of the Estate of Thomas Henry Giles as its Administrator to settle all potential claims of the aforementioned Estate against the State of Georgia in this matter.

(F)    The acts and/or omissions that caused the losses suffered include the following: failure to pay proper attention to Thomas Henry Giles and administer aid when a fire started within Thomas Henry Giles's cell; failure to exercise due care for proper law enforcement procedures; failure to provide needed psychological care to Thomas Henry Giles. Had C.O. Benjamin Robinson, C.O. Phillips, and C.O. Seals taken proper action in the event of a fire, Mr. Giles would still be alive today. Plaintiff also asserts claims of negligent hiring, training, supervision, and retention of the officers, and breaches of discretionary and ministerial duties.  Plaintiff reserves the right to allege and prove additional negligent acts at trial. Had these individuals and others provided Thomas Henry Giles with the requested and needed medical care, he would not have lit a fire in his cell in order to get their attention and treatment.

Each of these negligent acts and/or omissions are imputable to the State of Georgia based upon respondeat superior, vicarious liability, and/or agency principles. In addition, Plaintiffs' claims against the State may be based on the negligent hiring, entrustment, retention, training, and supervision of the pursuing officers and the negligent failure to promulgate and enforce policies, procedures, and rules for the protection of the public, including, Mr. Giles.

The State is hereby provided with the requisite information based on the Plaintiff's knowledge and belief, as is practicable under the circumstances. Presently, our investigation is still underway, and we have provided details to the extent that we have them at this time.  As we continue to gather information, we look forward to working with the State and its representative(s) during the adjustment of this claim and providing additional details as they become available to us.

This letter is also my client's formal demand that you secure, maintain, and preserve all evidence relevant to this wrongful death. *See Chapman v. Auto-Owners Ins. Co.*, 220 Ga. App. 539,469 S.E. 2d 783 (1986); *Sharpnach v. Hoffinger Industrial, Inc.*, 231 Ga. App. 829,499 S.E. 2d 363 (1998).

Discarding, deleting, disposing of, destroying, modifying, altering, repairing, or changing in any manner, or loss of any items of evidence constitutes spoliation of evidence under Georgia law. Failure to properly secure, maintain, and preserve these important pieces of evidence will give rise to the legal presumption that the evidence would have been harmful to your denials, defenses, and other contentions in this matter. *See Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 484 S.E.2d 249 (1997), *J.B. Hunt Transport, Inc. v. Bently*, 201 Ga. App. 250, 427 S.E. 2d 499 (1992), *Bennett v. Associated Food Stores, Inc.*, 118 Ga. App. 711, 165 S.E. 2d 581 (1968) and O.C.G.A. § 24-4-22. If you fail to preserve and maintain this evidence, we will seek any and all

remedies for spoliation available under law. *Wright v. VIF/Valentine Farms Bldg. One, LLC*, 308 Ga. App. 436, 708 S.E. 2d 41 92011), cert. denied (July 11, 2011), reconsideration denied (Sept. 12, 2011); *Wal-Mart Stores, Inc. v. Lee*, 290 Ga. App. 541, 545(1), 659 S.E. 2d 905 (2008); *R. A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 539 S.E. 2d 873 (2000); *Chapman v. Auto-Owners, Ins. Co.*, 220 Ga. App. 539,469 S.E. 2d 783 (1986).

This letter is being presented within twelve months of the event described and will serve as formal ante-litem notice, pursuant to O.C.G.A. § O.C.G.A. § 50-21-26(a)(5), I hereby present the claims for adjustment and request that should you contend the notice is inadequate in any way, factually, procedurally, or otherwise, you bring such contention to my attention in writing promptly as a process of your adjustment. I am ready, willing, and able to work with the State to provide any additional information in our custody or control should the State so request.

As indicated heretofore, an assertion is made for a claim for any and all damages of any sort flowing from the injuries and wrongful death of Thomas Henry Giles, including, but not limited to wrongful death, personal injuries, including medical bills, all pain and suffering, funeral expenses and reasonable attorney's fees and expenses as provided by Georgia law.

It is understood that this claim is made pursuant to O.C.G.A. § 50-21-26(a)(5). If the State needs any additional information or in any way believes this notice not to be in full compliance with O.C.G.A. § 50-21-26(a)(5), please contact me. Otherwise, I will assume that you have no objections to the form and substance of this demand as being compliant with O.C.G.A. § 50-21-26(a)(5). Pursuant to O.C.G.A. § 50-21-26(a)(5), this notice of claim is being sent within twelve (12) months of the happening of the event upon which the claims against the governmental entities are predicated. Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries, and Vanessa Loyal as the Administrator of the Estate of Thomas Giles, are hereby presenting all of their claims, in writing, to the governing entities for adjustment.

Please direct all future correspondence to this office and contact me if you have any questions.

Sincerely,

Natanya H. Brooks

cc:    Augusta State Medical Prison Attn: Warden
Tamika Harvey, Deputy Warden of Security c/o Augusta State Medical Prison
Michael Paschal, Deputy Warden of Security c/o Augusta State Medical Prison
Timothy C. Ward, Commissioner c/o Georgia Department of Corrections
Ted Philbin, Warden c/o Augusta State Medical Prison
Brooks A. Keel, PhD, President c/o Augusta University
Joseph Shurina, Vice President c/o Augusta University Department of Correctional Healthcare
J. Chad Knight, Executive Director c/o Augusta University Department of Correctional Healthcare
Billy Nichols, MD, Statewide Medical Director c/o Augusta University Department of Correctional Healthcare
Stephen Lamb, Registered Agent c/o Augusta University Foundation, Inc.
Adan Williams, CFO c/o Augusta University Foundation, Inc.
Dennis Sodomka, CEO c/o Augusta University Foundation, Inc.
Jean Duncan, Secretary c/o Augusta University Foundation, Inc.
Chris Driver, Registered Agent c/o Medical College of Georgia Foundation, Inc.
Angela Rees, CFO c/o Medical College of Georgia Foundation, Inc.
Ian Mercier, CEO c/o Medical College of Georgia Foundation, Inc.
Lloyd Schnuck, Secretary c/o Medical College of Georgia Foundation, Inc.
Benjamin Robinson, Correctional Officer c/o Augusta State Medical Prison
C.O. Phillips c/o Augusta State Medical Prison
Reggie Crite, Sergeant c/o Augusta State Medical Prison
C. O. Seals c/o Augusta State Medical Prison
Donald W. Weatherford, Counselor c/o Augusta State Medical Prison

January 14, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 774378001069

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | |
| **Signed for by:** | O.SLAYTON | **Delivery Location:** | 2 MLK JR DR SE 1804 |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Adult Signature Required | | ATLANTA, GA, 30334 |
| | | **Delivery date:** | Aug 17, 2021 09:41 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 774378001069 | **Ship Date:** | Aug 16, 2021 |
| | | **Weight:** | |

**Recipient:**
Department of Admin. Services, State of Georgia
200 Piedmont Avenue, SE
Suite 1208, West Tower
ATLANTA, GA, US, 30334

**Shipper:**
Natanya Brooks,
3740 Davinci Court
Suite 150
PEACHTREE CORNERS, GA, US, 30092



Thank you for choosing FedEx

# EXHIBIT B



3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
**P:** (678) 813-2202

Natanya H. Brooks, Esq.
nhb@brooksinjurylaw.com
**F:** (678) 813-2176

July 28, 2021

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378001069**
State of Georgia
Department of Administrative Services
Risk Management Division
200 Piedmont Ave., SE, Ste. 1208, West Tower
Atlanta, GA 30334

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378039430**
Georgia Department of Corrections
Commissioner Timothy C. Ward
7 MLK Jr Drive
Suite 543
Atlanta, GA 30334

**SENT VIA FEDEX OVERNIGHT**
**DELIVERY #774378066114**
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

**RE: Notice of Claim against the State of Georgia, Augusta State Medical Prison, Georgia Department of Corrections, Augusta University, Augusta University Department of Correctional Healthcare, Augusta University Foundation, Inc., Board of Regents of the University System of Georgia,  Correctional Officer Benjamin Robinson, Correctional Officer Phillips, Sergeant Reggie Crite, Correctional Officer Ms. Seals, and Counselor Donald W. Weatherford.**

| | |
|---|---|
| **Claimant:** | **Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries of Thomas Henry Giles, deceased, and Vanessa Loyal, as Administrator of the Estate of Thomas Giles** |
| **Date of Loss:** | **10/28/2020** |
| **Location:** | **Augusta State Medical Prison, 3001 Gordon Hwy, Grovetown, GA 30813** |

To Whom It May Concern:

This notice is presented to The State of Georgia pursuant to O.C.G.A. § 50-21-26(a)(5).  In accordance with O.C.G.A. § 50-21-26(a)(5), this Notice of Claim is being presented to the State of Georgia, which is a government entity that the above referenced claimants assert are responsible, jointly and/or concurrently, with the acts and omissions of others, for the wrongful death of their brother, Thomas Henry Giles. Consistent with O.C.G.A. § 50-21-26(a)(5), the following information is provided to the extent of the claimants' knowledge and belief:

(A)    The names of the governmental entities for which the acts or omissions are asserted: State of Georgia, Georgia Department of Corrections, Augusta University, Augusta University Department of Correctional Healthcare,

Augusta University Foundation, Inc., Medical College of Georgia, Medical College of Georgia Foundation, Inc., Correctional Officer Benjamin Robinson, Correctional Officer Phillips, Sergeant Reggie Crite, Correctional Officer Ms. Seals, and Counselor Donald W. Weatherford;

(B)   The date and time of the transaction or occurrence out of which the loss arose: October 28, 2020 at approximately 1:45p.m.;

(C)   The place of the transaction or occurrence:  The incident occurred at Augusta State Medical Prison located at 3001 Gordon Hwy, Grovetown in both Columbia County and Richmond County, Georgia;

(D)   The nature of the loss suffered:   At the time of the incident, Mr. Giles was an inmate locked in his cell when a fire started. The fire was not dealt with in a timely fashion and Mr. Giles was trapped in an unventilated cell for hours as correctional officers stood by and did nothing, despite pleas from other inmates. Mr. Giles died due to his injuries from the fire, believed to be primarily smoke inhalation.

(E)   The amount of the losses claimed:  Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries intend to assert all possible claims for the above-referenced damages. Ms. Loyal and Ms. Paige are demanding $1,000,000.00 as the wrongful death beneficiaries of Thomas Henry Giles to settle their claim against the State of Georgia in this matter.  Vanessa Loyal, as Administrator of the Estate of Thomas Henry Giles, intends to assert all possible claims on behalf of said Estate for the above-referenced damages. Mr. Giles was locked in his cell for several hours before succumbing to his injuries.  Ms. Loyal is demanding $1,000,000.00 on behalf of the Estate of Thomas Henry Giles as its Administrator to settle all potential claims of the aforementioned Estate against the State of Georgia in this matter.

(F)   The acts and/or omissions that caused the losses suffered include the following: failure to pay proper attention to Thomas Henry Giles and administer aid when a fire started within Thomas Henry Giles's cell; failure to exercise due care for proper law enforcement procedures; failure to provide needed psychological care to Thomas Henry Giles. Had C.O. Benjamin Robinson, C.O. Phillips, and C.O. Seals taken proper action in the event of a fire, Mr. Giles would still be alive today. Plaintiff also asserts claims of negligent hiring, training, supervision, and retention of the officers, and breaches of discretionary and ministerial duties.  Plaintiff reserves the right to allege and prove additional negligent acts at trial. Had these individuals and others provided Thomas Henry Giles with the requested and needed medical care, he would not have lit a fire in his cell in order to get their attention and treatment.

Each of these negligent acts and/or omissions are imputable to the State of Georgia based upon respondeat superior, vicarious liability, and/or agency principles. In addition, Plaintiffs' claims against the State may be based on the negligent hiring, entrustment, retention, training, and supervision of the pursuing officers and the negligent failure to promulgate and enforce policies, procedures, and rules for the protection of the public, including, Mr. Giles.

The State is hereby provided with the requisite information based on the Plaintiff's knowledge and belief, as is practicable under the circumstances. Presently, our investigation is still underway, and we have provided details to the extent that we have them at this time.  As we continue to gather information, we look forward to working with the State and its representative(s) during the adjustment of this claim and providing additional details as they become available to us.

This letter is also my client's formal demand that you secure, maintain, and preserve all evidence relevant to this wrongful death. *See Chapman v. Auto-Owners Ins. Co.*, 220 Ga. App. 539,469 S.E. 2d 783 (1986); *Sharpnach v. Hoffinger Industrial, Inc.*, 231 Ga. App. 829,499 S.E. 2d 363 (1998).

Discarding, deleting, disposing of, destroying, modifying, altering, repairing, or changing in any manner, or loss of any items of evidence constitutes spoliation of evidence under Georgia law. Failure to properly secure, maintain, and preserve these important pieces of evidence will give rise to the legal presumption that the evidence would have been harmful to your denials, defenses, and other contentions in this matter. *See Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 484 S.E.2d 249 (1997), *J.B. Hunt Transport, Inc. v. Bently*, 201 Ga. App. 250, 427 S.E. 2d 499 (1992), *Bennett v. Associated Food Stores, Inc.*, 118 Ga. App. 711, 165 S.E. 2d 581 (1968) and O.C.G.A. § 24-4-22. If you fail to preserve and maintain this evidence, we will seek any and all

remedies for spoliation available under law. *Wright v. VIF/Valentine Farms Bldg. One, LLC*, 308 Ga. App. 436, 708 S.E. 2d 41 92011), cert. denied (July 11, 2011), reconsideration denied (Sept. 12, 2011); *Wal-Mart Stores, Inc. v. Lee*, 290 Ga. App. 541, 545(1), 659 S.E. 2d 905 (2008); *R. A. Siegel Co. v. Bowen*, 246 Ga. App. 177, 539 S.E. 2d 873 (2000); *Chapman v. Auto-Owners, Ins. Co.*, 220 Ga. App. 539,469 S.E. 2d 783 (1986).

This letter is being presented within twelve months of the event described and will serve as formal ante-litem notice, pursuant to O.C.G.A. § O.C.G.A. § 50-21-26(a)(5), I hereby present the claims for adjustment and request that should you contend the notice is inadequate in any way, factually, procedurally, or otherwise, you bring such contention to my attention in writing promptly as a process of your adjustment. I am ready, willing, and able to work with the State to provide any additional information in our custody or control should the State so request.

As indicated heretofore, an assertion is made for a claim for any and all damages of any sort flowing from the injuries and wrongful death of Thomas Henry Giles, including, but not limited to wrongful death, personal injuries, including medical bills, all pain and suffering, funeral expenses and reasonable attorney's fees and expenses as provided by Georgia law.

It is understood that this claim is made pursuant to O.C.G.A. § 50-21-26(a)(5). If the State needs any additional information or in any way believes this notice not to be in full compliance with O.C.G.A. § 50-21-26(a)(5), please contact me. Otherwise, I will assume that you have no objections to the form and substance of this demand as being compliant with O.C.G.A. § 50-21-26(a)(5). Pursuant to O.C.G.A. § 50-21-26(a)(5), this notice of claim is being sent within twelve (12) months of the happening of the event upon which the claims against the governmental entities are predicated. Vanessa Loyal and Elizabeth Paige as direct wrongful death beneficiaries, and Vanessa Loyal as the Administrator of the Estate of Thomas Giles, are hereby presenting all of their claims, in writing, to the governing entities for adjustment.

Please direct all future correspondence to this office and contact me if you have any questions.

Sincerely,

Natanya H. Brooks

cc:    Augusta State Medical Prison Attn: Warden
Tamika Harvey, Deputy Warden of Security c/o Augusta State Medical Prison
Michael Paschal, Deputy Warden of Security c/o Augusta State Medical Prison
Timothy C. Ward, Commissioner c/o Georgia Department of Corrections
Ted Philbin, Warden c/o Augusta State Medical Prison
Brooks A. Keel, PhD, President c/o Augusta University
Joseph Shurina, Vice President c/o Augusta University Department of Correctional Healthcare
J. Chad Knight, Executive Director c/o Augusta University Department of Correctional Healthcare
Billy Nichols, MD, Statewide Medical Director c/o Augusta University Department of Correctional Healthcare
Stephen Lamb, Registered Agent c/o Augusta University Foundation, Inc.
Adan Williams, CFO c/o Augusta University Foundation, Inc.
Dennis Sodomka, CEO c/o Augusta University Foundation, Inc.
Jean Duncan, Secretary c/o Augusta University Foundation, Inc.
Chris Driver, Registered Agent c/o Medical College of Georgia Foundation, Inc.
Angela Rees, CFO c/o Medical College of Georgia Foundation, Inc.
Ian Mercier, CEO c/o Medical College of Georgia Foundation, Inc.
Lloyd Schnuck, Secretary c/o Medical College of Georgia Foundation, Inc.
Benjamin Robinson, Correctional Officer c/o Augusta State Medical Prison
C.O. Phillips c/o Augusta State Medical Prison
Reggie Crite, Sergeant c/o Augusta State Medical Prison
C. O. Seals c/o Augusta State Medical Prison
Donald W. Weatherford, Counselor c/o Augusta State Medical Prison

January 14, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 774378039430

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | Q.KEMP | Delivery Location: | 7 MARTIN LUTHER KING JR D |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Adult Signature Required | | ATLANTA, GA, 30334 |
| | | Delivery date: | Aug 17, 2021 11:30 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 774378039430 | Ship Date: | Aug 16, 2021 |
| | | Weight: | |

**Recipient:**
Commissioner Timothy C. Ward, Georgia Dept. of Corrections
7 MLK Jr. Drive
Suite 543
ATLANTA, GA, US, 30334

**Shipper:**
Natanya Brooks,
3740 Davinci Court
Suite 150
PEACHTREE CORNERS, GA, US, 30092



Thank you for choosing FedEx

# EXHIBIT C

**IN THE STATE COURT OF RICHMOND COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| VANESSA LOYAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, | ) | |
| ROBERT ROBERSON, individually, | ) | **JURY TRIAL** |
| MARCUS PHILLIPS, individually, | ) | **DEMANDED** |
| REGGIE CRITE, individually, | ) | |
| BRITTNEY SEALS, individually, | ) | |
| CLIFFORD BROWN, individually, and | ) | |
| EDWARD PHILBIN, individually, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CERTIFICATE REQUIRED BY O.C.G.A. § 50-21-35**</u>

Pursuant to O.C.G.A. § 50-21-35, I do hereby certify that on May 13, 2022, the day this action was commenced, I mailed via certified mail, return receipt requested, a copy of the Complaint in this action, showing the date of filing, along with all attachments thereto, to the Attorney General at his usual office address, as follows:

Georgia Attorney General, the Honorable Christopher Carr
Office of the Attorney General
40 Capital Square, SW, Suite 134
Atlanta, Georgia 30334

This 13th day of May, 2022.

/s/ Zack Greenamyre
Zack Greenamyre
Georgia Bar No: 293002

MITCHELL AND SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
(404) 812-4747
(404) 812-4740-Facsimile
zack@mitchellshapiro.com

/s/ Natanya H. Brooks
Natanya H. Brooks
Georgia Bar No. 341039
Meredith S. Watts
Georgia Bar No. 362080

BROOKS INJURY LAW
3740 Davinci Court
Suite 150
Peachtree Corners, GA 30092
678-813-2202
678-813-2176 (fax)
nhb@brooksinjurylaw.com

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) C. Date of Delivery |
| 1. Article Addressed to:<br><br>The Honorable<br>Christopher Carr<br>Office of the Attorney General<br>40 Capitol Square S W ste 184<br>Atlanta GA 30334 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6986 1225 9399 78

| 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

2. Article Number (Transfer from service label)
9414 8118 9956 2865 6705 40

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**


**SUMMONS**

TO: GEORGIA DEPARTMENT OF CORRECTIONS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court


*Hattie Holmes Sullivan*
_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**

**SUMMONS**

TO: ROBERSON, ROBERT

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*

_____

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

🌐 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

<b>VS.</b>

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**

<b>SUMMONS</b>

TO: PHILLIPS, MARCUS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*
_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**

### SUMMONS

TO: CRITE, REGGIE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*

_____

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

📶 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**

## SUMMONS

TO: SEALS, BRITTNEY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Natanya Brooks**
**Brooks Injury Law**
**3740 Davinci Court**
**Suite 150**
**Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*
_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

---

**PLAINTIFF**

                                        **VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

---

**DEFENDANTS**

### SUMMONS

TO: BROWN, CLIFFORD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

                        Clerk of State Court

*Hattie Holmes Sullivan*

---

                        Hattie Holmes Sullivan, Clerk
                        Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

**KELLIE K. MCINTYRE**
**MAY 13, 2022 02:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
SEALS, BRITTNEY
BROWN, CLIFFORD
PHILBIN, EDWARD

_____

**DEFENDANTS**

**SUMMONS**

TO: PHILBIN, EDWARD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

MAY 13, 2022 02:54 PM

KELLIE K. MCINTYRE

☐ Superior or ☑ State Court of  Richmond  County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 05-13-2022 <br> **MM-DD-YYYY** | **Case Number** 2022RCSC00593 |

*Hattie Holmes Sullivan, Clerk*
*Richmond County, Georgia*

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| LOYAL, VANESSA | GEORGIA DEPARTMENT OF CORRECTIONS |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | ROBERSON, ROBERT |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | PHILLIPS, MARCUS |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | CRITE, REGGIE |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney**  Brooks, Natanya     **Bar Number**  341039     **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

KELLIE K. MCINTYRE
MAY 13, 2022 02:54 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**Civil Action File No. 2022RCSC00593**

| | | |
|---|---|---|
| **LOYAL, VANESSA** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Judge: KELLIE K. MCINTYRE** |
| | ) | |
| **GEORGIA DEPARTMENT OF CORRECTIONS** | ) | |
| **ROBERSON, ROBERT** | ) | |
| **PHILLIPS, MARCUS** | ) | |
| **CRITE, REGGIE** | ) | |
| **SEALS, BRITTNEY** | ) | |
| **BROWN, CLIFFORD** | ) | |
| **PHILBIN, EDWARD** | ) | |
| **Defendants** | ) | |

## AMENDED STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, this **Amended Standing Order for Mediation in Civil Cases** is hereby entered.  As set forth herein, all contested civil matters filed in the State Court of Richmond County, **unless exempted** as set forth below, must be mediated in accordance with this Order.

**MEDIATION REQUIRED.**

Mediation is a prerequisite to placement of a case on a trial calendar and should occur after all responsive pleadings have been filed and discovery has been completed.  Mediation shall be conducted in accordance with this Order and the rules of the Augusta Judicial Circuit (AJC) Alternative Dispute Resolution (ADR) Program.

The parties shall agree upon a mediator from the AJC roster of mediators registered by the Georgia Office of Dispute Resolution (http://godr.org/) who have been chosen for service in the AJC ADR Program.  A copy of the roster is available at the AJC ADR Program website at www.augustaga.gov/1438/ADR.  Should the parties fail to agree upon a mediator, the Court or the ADR Director will appoint one for them and may set the fee.  Should the parties desire to use a mediator not on the AJC ADR Program roster, they may **petition the Court** to utilize any mediator **provided he/she is registered with the Georgia Office of Dispute Resolution in the appropriate category.**     If approved, prior to mediation, Plaintiff shall notify the ADR Director in writing of the name of the mediator and the time and location of the mediation, and the mediator will be paid in accordance with the agreement with the mediator.

Parties shall contact the mediator directly and schedule the mediation.  The plaintiff's counsel shall provide the date of the mediation and the name of the mediator selected on the Notice of Mediation Status (Attachment A hereto) by email or U.S. Mail to the ADR Director **prior to the scheduled session.**  Unless otherwise agreed, the parties shall share the cost of the mediator equally and should be prepared to pay the mediator at the conclusion of the session.  Any party unable to afford the cost of mediation may submit a Request for Fee Waiver or Fee Reduction, available on the AJC ADR website, to the AJC ADR office.

The parties and their counsel shall negotiate in ***good faith*** to resolve all issues in the case with the mediator.  Within ***seven*** calendar days after mediation the parties shall notify the ADR Director whether mediation was successful by completing and submitting to the ADR Director a copy of the Attestation Form (Attachment B hereto).  In the absence of settlement, the parties lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement. The mediator has no authority to compel settlement. Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown. The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

(a)    The party and/or:

    (1)    The party's representative who has:

        (i)    Full authority to settle without further consultation; and

        (ii)    A full understanding of the dispute and full knowledge of the facts;

    (2)    A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted. Appearance of an insurance carrier's representative by telephone is permitted only if all parties agree.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, a copy of which shall also be provided to the ADR Director. An exemption from mediation may be requested for the following reasons:

(1)    The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(2)    The issue(s) presents a question of law only;

(3)    Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the court.

**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the Court:

    (a)     Appeals from rulings of administrative agencies;

    (b)     Forfeitures of seized properties;

    (c)     Bond validations; and

    (d)     Declaratory relief.

**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme Court ADR Rule 6.1 and 6.2.) Non-registered mediators do not have the confidentiality or immunity protections provided by the Supreme Court of Georgia.

**ATTESTATION OF MEDIATION PARTICIPATION OR EXEMPTION.**

Prior to requesting a pretrial conference or trial date, the requesting party is directed to submit a file stamped copy of the Attestation Form filed with the Clerk of Court to the ADR Director. Failure to attest will result in continuance of the matter until compliance is demonstrated.

4

**EFFECTIVE DATE OF ORDER**

This Order shall become effective January 25, 2018, and shall apply to all civil cases, including existing cases, except those exempted as described above.

**SO ORDERED** this _____ day of _____, 20_____.


_____
Honorable David D. Watkins, Chief Judge
State Court of Richmond County, Georgia

5

# IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

## CIVIL ACTION FILE NO. _____

| | |
|---|---|
| _____, | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| _____, | ) |
| **DEFENDANT.** | ) |

## NOTICE OF MEDIATION STATUS
### (Attachment A)

☐  I do hereby confirm that the parties in the above-styled action have selected and

agreed to the following registered mediator:

Mediator's Name:_____

Date of Mediation:_____

☐  Parties request a mediator be assigned by the AJC ADR Program.

☐  Case Dismissed/Case Settled prior to mediation.

☐  Mediation exemption granted. (See copy attached.)

This _____ day of _____, 20_____.

_____
Plaintiff's Counsel

Printed Name: _____

6

**IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA**

**CIVIL ACTION FILE NO. _____**

| | |
|---|---|
| _____, | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| _____, | ) |
| **DEFENDANT.** | ) |

**ATTESTATION FORM**
**(Attachment B)**

I do hereby attest that the parties in the above-styled action have:

☐ **Attended Mediation:**

Date:_____

Mediator's Name:_____

Outcome:_____

☐ Case Dismissed/Case Settled prior to mediation.

☐ **Granted an Exemption** (See copy attached.)

This _____ day of _____, 20_____.

_____
Requesting Party's Signature

Printed Name: _____

Sworn to and subscribed before me,
this _____ day of _____, 20____.

_____
Notary Public
My Commission Expires:_____

7

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

☁ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 19, 2022 01:53 PM**

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

                      **VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS,
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
PHILBIN, EDWARD
SEALS, BRITTNEY
BROWN, CLIFFORD

_____

**DEFENDANTS**

## SUMMONS

TO: SEALS, BRITTNEY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of May, 2022.**

                                       Clerk of State Court

_____
                                Hattie Holmes Sullivan, Clerk
                                Richmond County, Georgia

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**

KELLIE K. MCINTYRE
MAY 19, 2022 01:53 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2022RCSC00593

LOYAL, VANESSA

_____

**PLAINTIFF**

**VS.**

GEORGIA DEPARTMENT OF
CORRECTIONS,
ROBERSON, ROBERT
PHILLIPS, MARCUS
CRITE, REGGIE
PHILBIN, EDWARD
SEALS, BRITTNEY
BROWN, CLIFFORD

_____

**DEFENDANTS**

**SUMMONS**

TO: BROWN, CLIFFORD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 19th day of May, 2022.**

Clerk of State Court

*Hattie Holmes Sullivan*

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 20, 2022 01:59 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

VANESSA LOYAL,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, ROBERT ROBERSON,
individually, MARCUS PHILLIPS,
individually, REGGIE CRITE, individually,
BRITTNEY SEALS, individually,
CLIFFORD BROWN, individually, and
EDWARD PHILBIN, individually,

    Defendants.

Civil Action File
No.: 2022RCSC00593

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION FOR
## APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to O.C.G.A. § 9-11-4(c), Plaintiff Vanessa Loyal moves this Court for an order

appointing Steven Barney, an agent of Metro Legal Express, as a special process sever to serve

the Georgia Department of Corrections with process in this lawsuit.

Under the Georgia Tort Claims Act, service of process on the Department of Corrections

requires personal service upon both Commissioner Timothy Ward and Director of Risk

Management Services for the Georgia Department of Administrative Services, Wade Damron,

both in Atlanta, Georgia. *See* O.C.G.A. § 50-21-35. To ensure that service is properly made upon

both Commissioner Ward and Mr. Damron, Plaintiff asks that the Court appoint Steve Barney as

a process server to handle service upon the Department of Corrections. Mr. Barney is a Georgia

Certified Process Server (certified pursuant to O.C.G.A. § 9-11-4.1), is a citizen of the United

States, is not a party to this lawsuit, and is not younger than 18 years of age.

This 20th day of May, 2022.

*/s/ Meredith S. Watts*
Natanya H. Brooks
Georgia Bar No. 341039
Meredith S. Watts
Georgia Bar No. 362080

BROOKS INJURY LAW
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
678-813-2202/ 678-813-2176 (fax)
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2022RCSC00593

Date Filed May 13, 2022

Attorney's Address

3740 DAVINCI COURT, SUITE 150

PEACHTREE CORNERS, GA 30092

Name and Address of Party to Served

REGGIE CRITE
2640 ELM STREET
LINCOLNTON, GA 30817

Superior Court ☐
State Court ☐
Juvenile Court ☐

Magistrate Court ☐
Probate Court ☐

Georgia, RICHMOND COUNTY

VANESSA LOYAL

_____
Plaintiff

VS.

GA DEPARTMENT OF CORRECTIONS,
~~ROBERT ROBERSON, individually,~~
MARCUS PHILLIPS, individually,
REGGIE CRITE, individually,
BRITTNEY SEALS, individually,
~~CLIFFORD BROWN, individually, and~~
EDWARD PHILBIN, individually.
**DEFENDANTS**

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
2022RCSC00593
KELLIE K. MCINTYRE
MAY 31, 2022 10:38 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _Reggie Crite_ _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _25_ day of _May_ , 20_22_

_____
DEPUTY

**CLERK'S COPY**

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2022RCSC00593**
**KELLIE K. MCINTYRE**
**MAY 31, 2022 01:54 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

VANESSA LOYAL,

    Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, ROBERT ROBERSON,
individually, MARCUS PHILLIPS,
individually, REGGIE CRITE, individually,
BRITTNEY SEALS, individually,
CLIFFORD BROWN, individually, and
EDWARD PHILBIN, individually,

    Defendants.

Civil Action File
No.: 2022RCSC00593

**JURY TRIAL DEMANDED**

### AFFIDAVIT OF STEVEN M. BARNEY IN SUPPORT OF PLAINTIFF'S
### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Before the undersigned officer, duly authorized by law to administer oaths, personally

appeared Steven M. Barney, who after being duly sworn, deposes and says as follows:

1.

My name is Steven M. Barney.  I am over the age of twenty-one (21) and am competent

to make this Affidavit, which is based on my own personal knowledge.

2.

I am a Certified Process Server in the State of Georgia, certified pursuant to O.C.G.A. §

9-11-4.1. (A copy of my current badge is attached as Exhibit 1.)

3.

I am a citizen of the United States and am over 18 years of age.

4.

I am not a party to this lawsuit, and am ready, willing, and able to expedite service of process upon the Director of Risk Management, Wade Damron and Department of Corrections Commissioner Timothy Ward in Atlanta, Georgia.

FURTHER AFFIANT SAYETH NOT.

**STEVEN M. BARNEY**
Post Office Box 501
Acworth, Georgia 30101
(678) 849-8251

Sworn to and subscribed before me

this _____ day of _____, 2022.

_____
NOTARY PUBLIC
My Commission Expires: _____

OFFICIAL SEAL
MARY JO BARNEY
Notary Public, Georgia
COBB COUNTY
My Commission Expires
February 24, 2023



**Georgia Certified Process Server**

NON LAW ENFORCEMENT

Steven Barney

Cert. Date   11-16-2020

Exp. Date   11-16-2023

ID #   CPS197

**EXHIBIT 1**